# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Dakota Brown, ) | |
| ) | Case No.: 2:10-cr-1203-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Federal prisoner Dakota Brown moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 146). The United States ("Government") has filed a motion to dismiss (ECF No. 150). The Court has thoroughly reviewed the record and finds the motions suitable for disposition without an evidentiary hearing. For the reasons stated herein, the Court grants the Government's motion and, consequently, dismisses Brown's § 2255 motion.

## BACKGROUND

In 2011, a jury found Brown guilty of possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the Court determined that Brown faced an enhanced recommended sentence because he was convicted after sustaining "at least two felony convictions for either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2) (2010). Those prior convictions included, *inter alia*, convictions in South Carolina state court for strong-arm robbery, criminal domestic violence of a high and aggravated nature ("CDVHAN"), and possession with intent to distribute marijuana. The Court sentenced Brown to 108 months in prison on each count. Brown appealed his conviction. The Fourth Circuit affirmed. *United States v. Brown*, 468 F. App'x 298 (4th Cir. 2012) (per curiam).

In 2013, Brown filed a § 2255 motion in which he alleged that his trial counsel provided ineffective assistance. The Government moved for summary judgment, but Brown filed no response in opposition. Despite Brown's failure to respond, the Court addressed the substance of Brown's claims and found they all lacked merit. The Court therefore granted summary judgment for the Government and denied Brown's § 2255 motion. Brown did not appeal.

In 2016, Brown filed the § 2255 motion now under consideration,[1] in which he contended that his sentencing enhancement is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government responded by filing a motion to dismiss, in which it contended Brown's § 2255 motion was untimely and also failed on the merits. Brown filed a partial response and also moved for a stay of proceedings pending the Supreme Court's decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). The Court denied Brown's request and provided Brown additional time to respond further to the Government's motion. However, he did not do so. Thus, these motions are now ripe for consideration.

## APPLICABLE LAW

Brown proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255

---
1. The Fourth Circuit granted Brown permission to file a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

2

motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

In conducting its § 2255(b) review, this Court is mindful that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and that federal courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam).  The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Government argues that Brown's § 2255 motion must be dismissed as untimely.  *See* 28 U.S.C. § 2255(f) (setting a one-year limitation period for bringing § 2255 claims).  Brown counters that he timely filed his § 2255 motion.  The Court need not resolve that dispute, for Brown's claim fails on its merits.

Brown challenges this Court's decision to apply the § 2K2.1(a)(2) sentencing enhancement.  Under the sentencing guidelines, the default base offense level for a § 922(g)(1) violation is 12.  U.S.S.G. § 2K2.1(a)(7).  However, the base offense level doubles if the defendant committed that offense after sustaining "at least two felony convictions for either a crime of violence or a controlled substance offense."  § 2K2.1(a)(2).  The guidelines define the term "crime of violence" as any federal or state crime, punishable by more than a year in prison, that—

    i.       has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> ii.  is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added); *see also id.* § 2K2.1, cmt. 1 (defining "crime of violence" in § 2K2.1(a)(2) through cross-reference to § 4B1.2(a)).  The emphasized language is commonly called the "residual clause."  *See, e.g.*, *United States v. Martin*, 753 F.3d 485, 488 (4th Cir. 2014).

The Armed Career Criminal Act ("ACCA") uses an identically worded residual clause to define the term "violent felony."  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  Last year, the Supreme Court declared the ACCA's residual clause unconstitutionally vague, *Johnson*, 135 S. Ct. at 2563, and this year, it held *Johnson* applies retroactively to sentences enhanced using that clause, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).  Brown argues that the holding of *Johnson* applies to §§ 2K2.1(a)(2) and § 4B1.2(a) and that without the residual clause, his prior offenses no longer constitute crimes of violence as defined in § 4B1.2(a).

In *Beckles*, the Supreme Court is poised to decide the first part of Brown's argument—whether *Johnson*'s holding applies to § 4B1.2(a).  As mentioned above, Brown previously asked this Court to stay proceedings on his § 2255 motion until the Supreme Court decides *Beckles*.  The Court denied that request because if even the Supreme Court answers that threshold question in the affirmative, Brown's claim still lacks merit.  South Carolina strong-arm robbery still constitutes a crime of violence under § 4B1.2(a)(1).  *See United States v. Doctor*, No. 15-4764, 2016 WL 6833343, at *5 (4th Cir. Nov. 21, 2016) (ACCA case); *United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010) (stating that courts' interpretations of the ACCA's violent-felony definition "apply with equal force" to the crime-of-violence definition in § 4B1.2(a)).  Thus, Brown's robbery conviction still counts as a predicate crime of violence under § 2K2.1(a)(2). As for Brown's CDVHAN conviction, the Fourth Circuit is currently considering

4

whether that offense falls under § 4B1.2(a)(1). *See United States v. Hilton*, No. 16-4541 (4th Cir. filed Aug. 30, 2016). However, the Court need not await a decision in *Hilton* because Brown's conviction for possession with intent to distribute marijuana constitutes a predicate controlled substance offense. *Keitt v. United States*, No. 5:07-cr-1020-MBS, 2011 WL 1526165, at *6 (D.S.C. Apr. 20, 2011). Thus, even assuming *Johnson* applies here, Brown's criminal history still triggers § 2K2.1(a)(2). Consequently, his § 2255 motion, even if timely, is without merit.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Government's motion is **GRANTED** and, consequently, that Brown's § 2255 motion is **DISMISSED**. The Court declines to issue a certificate of appealability.[2]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 7, 2016**
**Charleston, South Carolina**

---

2.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.